UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-367-KSF

HARRY DICKERSON                                                                                      PLAINTIFF

v.                                                     **ORDER**

GEORGETOWN HOUSING
AUTHORITY, *et al.*                                                                                  DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the defendants, Georgetown Housing Authority, Karen Tingle-Sames, Robert Stith, and Ronald Carew, to dismiss Count Six of the plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [DE #22]. Count Six is the plaintiff's claim pursuant to the Kentucky Whistleblower Act based on his allegation that the defendants retaliated against him for reporting perceived misconduct to the United States Department of Housing and Urban Development ("HUD"). The defendants contend that this claim should be dismissed because the Kentucky Whistleblower Act does not cover claims made to a federal agency such as HUD.

I.      FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Harry Dickerson, filed this civil action on September 10, 2008 against the defendants, including the Georgetown Housing Authority and various officials of the Georgetown Housing Authority and the City of Georgetown, Kentucky [DE #1]. With leave of the Court, Dickerson subsequently amended his complaint on February 4, 2009 [DE ##14, 15]. In his Amended

Complaint, Dickerson asserts claims against the defendants for breach of contract, violation of his civil rights, civil conspiracy, defamation, outrage, and violation of the Kentucky's Whistleblower Act. These claims arise out of his resignation as Executive Director of the Georgetown Housing Authority on March 20, 2008.

The defendants have filed a motion to dismiss Dickerson's claims contained in Count Six of the Amended Complaint [DE #22]. This motion is fully briefed and is ripe for review.

## II.   MOTION TO DISMISS STANDARD

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007), *abrogating Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

## III.   ANALYSIS

According to Count Six of his Amended Complaint, Dickerson sent a letter to HUD Public Housing Director, Don Clem on December 3, 2007, notifying him that the defendants' Property Manager, Charlsey Wolfe, "had been intentionally renting public housing to a family member for less than he owed had he properly reported his financial condition" in violation of federal and state statutes and regulations [DE #15]. As a result of this report to HUD, Dickerson alleges that the defendants retaliated against him in such an aggressive and deceitful way that he was forced to resign

2

his position as Executive Director. Dickerson seeks to recover damages based on Kentucky's Whistleblower Act, KRS 61.101 *et seq*, which provides:

> No employer shall subject to reprisal, or directly or indirectly use, or threaten to use, any official authority or influence, in any manner whatsoever, which tends to discourage, restrain, depress, dissuade, deter, prevent, interfere with, coerce, or discriminate against any employee who in good faith reports, discloses, divulges, or otherwise brings to the attention of the Kentucky Legislative Ethics Commission, the Attorney General, the Auditor of Public Accounts, the General Assembly of the Commonwealth of Kentucky or any of its members or employees, the Legislative Research Commission or any of its committees, members or employees, the judiciary or any member or employee of the judiciary, any law enforcement agency or its employees, or any other appropriate body or authority, any facts or information relative to an actual or suspected violation of any law, statute, executive order, administrative regulation, mandate, rule, or ordinance of the United States, the Commonwealth of Kentucky, or any of its political subdivisions, or any facts or information relative to actual or suspected mismanagement, waste, fraud, abuse of authority, or a substantial and specific danger to public health or safety. No employer shall require an employee to give notice prior to making such a report, disclosure, or divulgence.

KRS 61.102(1).

In his response, Dickerson concedes that his whistleblower claims against the individual defendants in Count Six should be dismissed because the Kentucky Whistleblower Act does not provide for individual liability [DE #25]. Accordingly, Dickerson's claims in Count Six against the individual defendants will be dismissed. The defendants argue that Dickerson's whistleblower claims against the official defendants must also be dismissed because the Kentucky Whistleblower Act does not apply to reports of wrongdoing to federal agencies.

Neither party is able to point to any case law directly addressing this specific issue. On its face, the statute lists several state agencies to which an employee may report, disclose, divulge, or otherwise bring attention to perceived misconduct. It then goes on to include "any other appropriate body or authority." Whether or not federal agencies such as HUD fall into the "any other appropriate

3

body or authority" is a matter of statutory construction. The defendants argue that the doctrine of *ejusdem generis* applies: "when a general word or phrase follows a list of specific persons or things, [t]he general word or phrase will be interpreted to include only persons or things of the same type of those listed." *Commonwealth v. Plowman*, 86 S.W.3d 47, 50 (Ky. 2002). Because the statute's list of specified agencies includes only state agencies, the defendants argue that the Kentucky legislature only intended to include entities of the Commonwealth of Kentucky as recipients of employee reports of misconduct or wrongdoing.

On the other hand, Dickerson argues that the defendants are construing the statute too narrowly. Based on the Kentucky Supreme Court's recent holding in *Consolidated Infrastructure Management Authority v. Allen*, 269 S.W.3d 852, 855 (Ky.2008) that the Kentucky Whistleblower Act is to be liberally construed so that the intent of the legislature is carried out, Dickerson contends that the "any other appropriate body or authority" category should include HUD. He points out that the Kentucky legislature enacted legislation which allows Housing Authorities such as the Georgetown Housing Authority to be created by Kentucky cities. These Housing Authorities, however, are overseen by HUD in order to take advantage of federal funding. Thus, any report of wrongdoing, Dickerson argues, would be appropriately reported to HUD.

Under Kentucky law, statutes are to be "liberally construed with a view to promote their objects and carry out the intent of the legislature. . . ." KRS 446.080(1). Additionally, words and phrases are to "be construed according to the common and approved usage of language" unless a word has a certain technical meaning. *Id*. at 446.080(4). And finally, "statutes which are remedial in nature should be liberally construed in favor of their remedial purpose." *Workforce Development Cabinet v. Gaines*, 276 S.W.3d 789, 792 (Ky. 2008); *see also Kentucky Ins. Guar. Ass'n v. Jeffers*

4

*ex rel. Jeffers*, 13 S.W.3d 606, 611 (Ky. 2000).

The remedial purpose of the Kentucky Whistleblower Act is clear: "to protect employees who possess knowledge of wrongdoing that is concealed or not publically known, and who step forward to help uncover and disclose that information." *Davidson v. Commonwealth, Dept. Of Military Affairs*, 152 S.W.3d 247, 255 (Ky. App.2004)(quoting *Meuwissen v. Dep't of Interior*, 234 F.3d 9, 13 (Fed. Cir.2000)). By protecting public employees who disclose wrongdoing, the Kentucky Whistleblower Act "serves to discourage wrongdoing in government, and to protect those who make it public . . . and it must be liberally construed to serve that purpose." *Gaines*, 276 S.W.3d at 793.

While KRS 61.102(1) specifically lists a number of bodies and agencies to whom employees may make a protected disclosure, it also protects disclosures to "any other appropriate body or authority." Kentucky's Supreme Court has interpreted this phrase "to include any public body or authority with the power to remedy or report the perceived misconduct." *Gaines*, 276 S.W.3d at 793. According to the court, "[t]his interpretation serves the goals of liberally construing the Whistleblower Act in favor of its remedial purpose, and of giving words their plain meaning." *Id*.

The question, then, is whether HUD has "the power to remedy or report the perceived misconduct" by the Georgetown Housing Authority. *Id*. The creation of local Housing Authorities in Kentucky is governed by KRS Chapter 80. Among other powers, Housing Authorities in Kentucky are empowered to accept federal aid based upon KRS § 80.600. HUD is the federal funding agency charged with approving funding to local Housing Authorities, and the misuse of those federal funds is appropriately reported to HUD. Thus, to the extent that Dickerson alleges that the defendants were misusing federal funds, HUD would be an appropriate agency to report such

5

misconduct, and thus, the Kentucky Whistleblower Act serves to protect that report. Accordingly, the defendants' motion to dismiss Dickerson's whistleblower claims in Count Six against the official defendants will be denied.

## IV. CONCLUSION

For the reasons set forth below, the Court, being fully and sufficiently advised, hereby **ORDERS** that the defendants' motion to dismiss is **GRANTED IN PART** only to the extent that Dickerson's claim in Count Six against the individual defendants is **DISMISSED**, but **DENIED** in all other respects.

This 14th day of May, 2009.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge